PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* PRÁXEDES MILLÁN SOTOMAYOR, alias LUCAS, Defendant and Appellant.

No. 5486. Argued May 3, 1934.—Decided June 6, 1934.

*Francisco R. Flores* for appellant. *R. A. Gómez, Fiscal,* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Práxedes Millán Sotomayor, alias Lucas, was found guilty by a jury of voluntary manslaughter, for having caused the death of Diego Sánchez de la Rosa as a result of a wound in the abdomen; and, having been convicted of that crime, he sets up as his first ground of appeal from the judgment that the court below erred in having stated during the testimony of the witness Luis A. Ramos that knives are almost always dull, because that statement of the court conveyed to the mind of the jury the idea that the crime was committed with a stiletto, which weapon would cause prejudice against the defendant.

The trial judge made that remark when a police corporal was testifying in regard to statements which the defendant had made as to having wounded Diego with a knife, but we do not believe that those words could have caused any prejudice whatever against the defendant. If the wound which caused the death of Diego Sánchez was inflicted by the appellant, it could not prejudice the mind of the jury whether it was made with a knife or with a stiletto. Consequently, we can not see that the defendant was prejudiced.

The other error assigned is that the evidence presented by the prosecuting attorney is not sufficient to sustain the verdict of guilty of voluntary manslaughter returned by the jury, or to sustain the sentence imposed.

This error is based upon the contention that the evidence of both sides shows that the defendant acted in legitimate self-defense. No such thing appears from the evidence of either side.

The evidence introduced by the prosecuting attorney is to the effect that on the night in question the defendant left a dance about two o'clock in the morning, and while the defendant was walking along the highway with Tomás Medina, an automobile stopped them in which several persons were riding. One of them asked Millán if he had seen Diego Sánchez, and upon receiving a reply in the negative, he asked him again if he had fought with Diego at any time. Millán answered that he had and that if he had not stopped he would have killed him. Diego Sánchez opened the door of the automobile, because he was in it, and said "here I am," and Millán commenced to run, entering a cane-field. Diego Sánchez had no whip in his hand. Since Millán did not return, Tomás Medina went off in the automobile in which the others were riding. It also appears from that evidence that later Diego and Tomás Medina left the automobile and walked on the road which led to their houses in the ward of Arenas of Utuado, and that Millán joined them on that road, which was not the one leading to his house. That a discussion arose between him and Diego as to the quarrel which they had had, a discussion which ended in the fight in which Diego was wounded; that Millán then went off. During the quarrel, which took place close to Tomás Medina's house, his brother and his father came up. The latter testified that they were the only persons who were there at the time.

The evidence of the defense tended to show that the first time that Millán and Diego met that night, Diego hit Millán

several blows with a whip until the latter fled and hid himself in a cane-field; and that when they met for the second time on the road to Arenas, Diego again struck Millán with a whip, and that the fight then started between them which ended in the death of Diego.

The evidence is clearly conflicting, and the jury resolved the conflict by believing the evidence presented by the prosecuting attorney, from which it does not appear that the defendant killed Diego Sánchez in legitimate self-defense. Hence there was no error. The cases of *People* v. *Chico*, 45 P.R.R. 486, and *People* v. *Sutton*, 17 P.R.R. 327, cited by the appellant, are not applicable to the present case. As to the sentence, the appellant has presented no argument.

The judgment appealed from must be affirmed.